IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-00988-SKC-CYC

ROBERT WAYNE ROBINSON,

    Plaintiff,

v.

CECILIA SCHWARTZ, and
DEAN WILLIAMS,

    Defendants.

---

## ORDER

According to Plaintiff's Amended Complaint, while he was incarcerated at Buena Vista Correctional Facility, Defendants Schwartz and Williams enforced Colorado Department of Corrections Administrative Regulation 750-01 (AR 750-01), which excludes access to materials and law library services for lawsuits pertaining to "sovereign citizen, strawman, or UCC theories." Dkt. 12. Plaintiff brought this action and asserts that AR 750-01 violates his rights under the First and Fourteenth Amendments. *Id*. Defendants filed a Motion to Dismiss seeking dismissal of all claims pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 50.

The Court referred the Motion to Magistrate Judge Cyrus Y. Chung, and on April 28, 2025, Judge Chung issued his Recommendation that Plaintiff's access to the

courts, due process, and equal protection claims be dismissed.[1] Dkt. 58. Judge Chung also liberally construed the Amended Complaint, because Plaintiff is *pro se*, and concluded Plaintiff had stated a freedom of speech claim pursuant to the First Amendment. *Id.* at pp.8-9. Because the Defendants had not addressed this claim, Judge Chung recommended that Plaintiff be permitted to proceed on this theory. *Id.* Defendants filed their objections on May 12, 2025 (Dkt. 60), and Plaintiff, after an extension of time, filed his objections on June 5, 2025 (Dkt. 64).

Having reviewed the Amended Complaint, Motion to Dismiss, Recommendation, Objections, and relevant briefing on these matters, the Court agrees with Judge Chung's thorough and well-reasoned determinations. Consequently, the Court AFFIRMS and ADOPTS the Recommendation. However, based on the Court's own analysis, it nevertheless dismisses Plaintiff's discreet First Amendment freedom of speech claims.

## LEGAL STANDARDS

**1.    Review of a Magistrate Judge's Recommendation**

"'The filing of objections to a [magistrate judge's] report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute,' and gives the district court an opportunity 'to correct any errors immediately.'" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th

---

[1] Judge Chung concluded Plaintiff's due process allegations and assertions were part of his access to courts claim.

2

Cir. 1996) (cleaned up; citations omitted). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the [Magistrates] Act . . . ," including judicial efficiency. *Id.* at 1060. "[A]llowing parties to litigate fully their case before the magistrate [judge] and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (unpublished) (citation omitted).

The Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *One Parcel*, 73 F.3d at 1060; *see also* Fed. R. Civ. P. 72(b)(2). "Objections disputing the correctness of the magistrate judge's recommendation, but failing to specify the findings believed to be in error are too general" and may result in a waiver of the objections. *Kazarinoff v. Wilson*, No. 22-cv-02385-PAB-SKC, 2024 WL 98385, at *2 (D. Colo. Jan. 9, 2024) (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished)). And "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653

3

F.3d 1163, 1185 (10th Cir. 2011) (cleaned up) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

When no party files an objection, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985). ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In the absence of specific or any objections, the district court reviews the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

**2.      Treatment of a Pro Se Plaintiff's Pleadings**

A pro se litigant's pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But a pro se litigant must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on behalf of a pro se litigant. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority,

4

confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as the pro se plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## ANALYSIS

### A.   Plaintiff's Objections (Dkt. 64)

Plaintiff objects to Judge Chung's recommendation on the basis that Plaintiff claims he only stated one claim for relief and Judge Chung erred in construing it as three separate claims for free speech, access to courts, and equal protection. The Court disagrees. Despite Plaintiff's contention now that he only asserted a single free speech claim, the Amended Complaint belies the notion. There, he specifically asserted Defendants had violated his "First Amendment access to the court right and Fourteenth Amendment due process and equal protection of the law(s) right." Dkt. 12, p.9. To be sure, he continually affirmed throughout the pleading that he was also pursuing equal protection and due process theories. *Id.* at 17, 20, 23.

The fact Plaintiff listed all these theories under "claim one" is of no moment. "To determine the nature of a claim, courts examine the substance of a plaintiff's allegations, not merely the labels applied to them." *Johnson v. Dep't of Veterans Affairs*, 351 F. App'x 288, 290 (10th Cir. 2009) (unpublished) (citing *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996)). Freedom of speech, access to court, equal protection, and due process are legally distinct theories with discrete requirements for a prima facie case. Even when recited as one claim, they are nevertheless distinct

5

and Judge Chung committed no error in evaluating them exactly as Plaintiff chose to plead them, separately.

With respect to those individual claims, Plaintiff does not make any objections to Judge Chung's analysis or conclusions and, as a result, Plaintiff has waived *de novo* review of those parts of the Recommendation. The Court reviews them only for clear error, *Thomas*, 474 U.S. at 148-53, and concludes Judge Chung's Recommendation regarding Plaintiff's access to courts, equal protection, and due process claims is detailed and thorough and contains no clear error on the face of the record. It construes Plaintiff's claims liberally[2] and correctly applies the controlling law. Consequently, the Court affirms and adopts this portion of Judge Chung's analysis without further comment.

## B.   Defendants' Objections

In their objections, Defendants contend the magistrate judge erred in construing Plaintiff's claim to include a freedom of speech claim distinct from his access to courts claim. Specifically, Defendants argue that—despite Plaintiff's reference and arguments regarding the impermissibly content-based nature of AR 750-01 in both his Amended Complaint and Response—Plaintiff's allegations regarding speech are inextricably intertwined with his access to court claim. While

---

[2] Plaintiff also contends Judge Chung did not construe the Amended Complaint in the light most favorable to Plaintiff. But these arguments are simply another way of arguing Judge Chung erred in construing the pleading to state separate claims. Because the Court concludes there was no error in construing the pleading as such, the Court does not address this argument.

Defendants' arguments in their objections are seemingly well reasoned, they did not make these arguments in their Motion to Dismiss or Reply.[3]

Judge Chung was not required to construct an argument for Defendants, and therefore, he cannot be faulted for failing to engage in an analysis that was not presented to him in the first place. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998). In reviewing Plaintiff's Amended Complaint, this Court agrees that when construing it liberally—and having no contrary arguments from Defendants—it too would have concluded Plaintiff intended to assert a freedom of speech content-based challenge to AR 750-01. Thus, the Court OVERRULES Defendants' objection that Judge Chung erred.

## C.     Freedom of Speech Claims

Although the Court concludes the magistrate judge did not err, it nevertheless conducted its own *de novo* review of this potential claim. Having done so, the Court dismisses the discrete First Amendment claims.

At the outset, this Court agrees with the magistrate judge and Defendants that the contours of Plaintiff's purported claim(s) are not easy to define. Although Plaintiff disavows a facial challenge to AR 750-01, he nevertheless argues that it is

---

[3] In their objection, Defendants acknowledge they also recognized Plaintiff was exploring free speech theories. But in "attempting to grapple with how that analysis intersected with the claims in the Complaint," they chose to discuss them only as they related to the access to courts claim and not as a potential separate claim. Dkt. 60, pp.8-10. Judge Chung and this Court are obligated to offer a more liberal construction to a *pro se* plaintiff's pleading.

7

impermissibly content-based. But to contend a regulation is content-based is to make a facial argument because "[c]ontent-based laws—those that target speech based on its communicative content—are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests." *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015). Thus, it is unclear whether Plaintiff truly meant to relinquish this claim.

But even assuming he did intend to make a facial challenge, Plaintiff does not have standing to assert this claim. The analysis of constitutional standing requires consideration of three factors.

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Grace Bible Fellowship v. Polis*, 694 F. Supp. 3d 1338, 1346 (D. Colo. 2023) (cleaned up) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561(1992)).

Here, the only injury Plaintiff alleges is his inability to research, prepare, and file complaints in federal court pursuant to the Uniform Commercial Code. *See generally* Dkt. 12. But as Judge Chung concluded, Plaintiff—at the time he was incarcerated—did not have a constitutionally protected right to bring claims based on the UCC because they are unrelated to attacking his sentence, directly or

8

collaterally, or challenging the conditions of his confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Thus, Plaintiff's allegations do not establish any invasion of a legally protected interest. Furthermore, even if he had been injured, there is no reasonable likelihood that it could be redressed with a favorable decision because he has since been released from the custody of the Colorado Department of Corrections.

With respect to an as-applied challenge, Defendants persuasively contend that Plaintiff's free speech allegations are part and parcel of his access to courts claim, which Judge Chung dismissed. The Court need not address this because even assuming *arguendo* Plaintiff articulated a discrete as-applied freedom of speech claim, the Court nevertheless concludes Defendants are entitled to qualified immunity, which they sufficiently raised in their Motion to Dismiss and Objection.

In his response to the motion to dismiss Plaintiff primarily relied on the First Amendment to clearly establish the purported violation. Dkt. 53, p.14. But a right cannot be defined at an unacceptably high level of generality, and merely citing to the First Amendment is as general as it gets. Overcoming qualified immunity requires more. *Ullery v. Bradley*, 949 F.3d 1282, 1291 (10th Cir. 2020) ("Ordinarily ... there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.").

And while Plaintiff also states that clearly established Supreme Court precedent made it clear Defendants were violating his rights, he does not name these

9

cases. It is Plaintiff's burden to overcome the qualified immunity defense, and naked assertions do not suffice. In conducting its own research, the Court was unable to find any Tenth Circuit or Supreme Court precedent establishing that Defendant's enforcement of AR 750-01 violates Plaintiff's freedom of speech. Indeed, cases from other circuits support the opposite conclusion. *Torres v. Fla. Dep't of Corr.*, 742 F. App'x 403, 406 (11th Cir. 2018) (concluding similar UCC rule "furthers the legitimate government interest of preventing prisoners from filing fraudulent liens under the UCC"); *Monroe v. Beard*, 536 F.3d 198, 208 (3d Cir. 2008) (acknowledging rational nexus between Pennsylvania prison's UCC regulation and Department of Corrections' penological interest in preventing criminal activity like the filing of fraudulent liens within the DOC).

*    *    *

For the reasons shared above, the Court OVERRULES Plaintiff's and Defendants' objections to Magistrate Judge Chung's Report and Recommendations. The Court, therefore, AFFIRMS and ADOPTS Magistrate Judge Cyrus Y. Chung's Recommendation. Based on its *de novo* review, however, the Court nevertheless dismisses Plaintiff's freedom of speech claims.

IT IS ORDERED:

1. Defendants' Motion to Dismiss (Dkt. 50) is GRANTED.
2. Because Defendants are entitled to qualified immunity, Plaintiff's claims are dismissed with prejudice.

3. The Clerk of the Court shall enter judgment for Defendants on Plaintiff's claims and shall terminate this action.

DATED: September 26, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge